## STATE v. A. J. HENTSCHEL.[1]

January 13, 1928.

No. 26,386.

**Circumstantial evidence sustained conviction of attempt to commit arson.**
     Evidence *held* sufficient to support a conviction of an attempt to commit arson.

Arson, 5 C. J. p. 580 n. 16.
Criminal Law, 16 C. J. p. 1010 n. 14.

Defendant appealed from orders of the district court for Hennepin county, Waite, J. (1) denying his motion for a new trial, and (2) denying a motion to vacate that order. Affirmed.

*William M. Nash* and *Chester L. Nichols,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

PER CURIAM.

Convicted of the crime of attempt to commit arson in the third degree, defendant appeals from an order denying his motion for a new trial and from an order denying a motion to vacate that order.

There is not enough merit in the appeal to justify extended discussion of facts or law. Somebody attempted to burn the building in question. The ignition device was quite elaborate, and the inciting agent, a candle, which was plainly intended to start a fire which would destroy the building, was lighted by someone. Whether defendant is the guilty person is the only issue. The evidence supports the affirmative finding of the jury, and if the evidence for the state is considered credible, and of its weight the jurors were the judges, the conclusion of guilt beyond a reasonable doubt is easily reached. So far as the evidence is concerned, there is no ground for reversal.

[1]Reported in 217 N. W. 378.

The evidence was wholly circumstantial. The jury was charged that:

"Circumstantial evidence is not necessarily inferior to direct evidence. On the contrary, circumstantial evidence may be the highest and most conclusive kind of proof. Proof of a series of facts, and the conclusion reasonably arrived at from those established facts, may be probability of the highest degree."

In that connection the learned trial judge cautioned:

"But the state must show the facts necessary to lead to the conclusion of the defendant's guilt beyond a reasonable doubt. All that the defendant has to do is to bring your minds into such a condition that when you consider all the evidence you are not able to say that he is guilty beyond a reasonable doubt. He does not have to prove himself innocent; the state must prove him guilty."

The necessity of the absence of reasonable doubt as a prerequisite to conviction was stressed repeatedly, and no complaint could now be made against the charge even though at the time counsel had taken exceptions thereto, which they did not.

Orders affirmed.

HILTON, J. took no part.